117 F.3d 1423
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
United States of America, Plaintiff-Appellee,
v.
Fredrick Eskridge, Defendant-Appellant.
 No. 97-1401.
 United States Court of Appeals, Eighth Circuit.
 Submitted June 12, 1997
Decided July 3, 1997
 
 Appeal from the United States District Court for the Western District of Missouri
 Before RICHARD S. ARNOLD, Chief Judge, BEEZER[1] and WOLLMAN, Circuit Judges.
 
 PER CURIAM
 
 1
 Frederick Eskridge appeals the district court's denial of his motion to suppress evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 2
 Suspecting him of carrying illegal drugs, law enforcement officers attempted to detain Eskridge in the Kansas City, Missouri airport while they applied for a search warrant for his person. He assaulted them and fled on foot. While fleeing the officers, Eskridge discarded a package of cocaine that he carried on his person. The officers arrested him shortly thereafter. In a search incident to arrest, the officers discovered three additional packages of cocaine.
 
 
 3
 Eskridge entered a guilty plea for possession of cocaine with intent to distribute, conditioned on his appeal of his motion to suppress the seized evidence. On appeal, Eskridge argues his detention amounted to a stop, but not an arrest. We need not address the particulars of the attempted detention. Eskridge's assault of the officers and his flight provided probable cause for the subsequent arrest. United States v. Dawdy, 46 F.3d 1427, 1431 (8th Cir.1995). The district court did not err in denying Eskridge's motion to suppress.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 The Honorable Robert R. Beezer, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation